UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04145-BFM                                    **Date:**  August 3, 2026

**Title:**  *Julissa Itzamara Aguirre Castillo v. Warden, Adelanto ICE Processing Center et al.*

=====================================================================

Present:   The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Julissa Itzamara Aguirre Castillo filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 24, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **granted**.

## I.    Factual Background

Petitioner alleges the following facts, which Respondents have not disputed: Petitioner is a noncitizen from Nicaragua who is currently detained at the Adelanto Detention Facility within the Central District of California. (ECF 1 ("Pet.") ¶¶ 1, 6.) She entered the United States on June 28, 2022, and was detained by ICE upon entry. (Pet. ¶ 3.) She was found not to be a risk of flight or danger to the community and was released on bond, subject to required check-ins. (Pet ¶¶ 3, 5.) After being released from custody, she filed an application for asylum as a derivative beneficiary of her mother's asylum claim. (Pet. ¶ 7.) Petitioner complied with the conditions of her release until she was detained at her latest check-in on June 12, 2026, without notice or cause. (Pet. ¶ 6.) A Notice to Appear was issued, which erroneously stated that Petitioner was never paroled. (Pet ¶ 5.)

Page **1** of **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04145-BFM                    **Date:**  August 3, 2026

**Title:**  *Julissa Itzamara Aguirre Castillo v. Warden, Adelanto ICE Processing Center et al.*

===================================================================

Petitioner filed this Petition in July 2026, alleging that her re-detention after release on parole violated due process. (Pet. ¶¶ 53-61.) She asked for an order releasing her, along with other relief. (Pet. at 33-34.) Respondents state that Petitioner appears to be a member of the *Maldonado Bautista* class—and by implication, concede that she is entitled to a bond hearing—but did not address any of the claims Petitioner actually brought. (ECF 7 ("Answer") at 2.) Based on Respondents' response, the Court declines to hold the Petition waiting for Petitioner's reply, and instead deems the Petition fully briefed and ready for decision.

## II.    Analysis

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last term, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04145-BFM                          **Date:**  August 3, 2026

**Title:**     *Julissa Itzamara Aguirre Castillo v. Warden, Adelanto ICE Processing Center et al.*

=====================================================================

Here, Petitioner argued in Claim Two that the failure of process surrounding her re-detention warranted, not just a bond hearing, but outright release. (Pet. ¶¶ 57-61.) Her argument is one that has been accepted by numerous courts in this Circuit, including this one. *See Zarief Kamel v. Santacruz*, No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *1 (C.D. Cal. July 2, 2026).

Though Petitioner made an argument for release, Respondents did not respond to it, not even in summary form—instead, they merely conceded her eligibility for a lesser form of relief, and one that Petitioner did not ask for. (Answer at 2.) Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject her claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.").[1] And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are

---

[1] To the extent that Respondents' non-opposition to a bond hearing implies opposition to release, an implication is not an argument. *See Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04145-BFM                **Date:**  August 3, 2026

**Title:**    *Julissa Itzamara Aguirre Castillo v. Warden, Adelanto ICE Processing
Center et al.*

=====================================================================

responsible for advancing the facts and argument entitling them to relief.")
(cleaned up).

As such, the Court need not decide whether it agrees with the merits of
Petitioner's claims in all respects; it simply acknowledges that her claim that
her detention is without lawful authority is unrefuted. As numerous other
courts have found in such circumstances, the Petition should therefore be
granted based on Respondents' failure to oppose the primary relief sought. *See*,
*e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK,
2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and
ordering release where, like here, the respondent did not oppose granting a
bond hearing but did not address the petitioner's remaining claims; noting
"Respondents, who alone possess petitioner's A-file, his Form I-213, and his
criminal history record, filed nothing and denied nothing"); *Soleimani v.
Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025)
(granting habeas petition where government's answer to the petition did not
respond to all claims in the petition, including a Fifth Amendment due process
claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4
(C.D. Cal. 2025) (construing government's failure to oppose argument raised
by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-
SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not
challenge any aspect of the Petition on the merits and thus the Court finds that
Respondents have waived such challenges and conceded those aspects of the
Petition.").

In sum, because Respondents have not met their burden "to show cause
why the writ should not be granted," 28 U.S.C. § 2243, the Court orders that
the Petition be granted, and that Petitioner be ordered released.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-04145-BFM                    **Date:**  August 3, 2026

**Title:**   *Julissa Itzamara Aguirre Castillo v. Warden, Adelanto ICE Processing Center et al.*

=====================================================================

### III.   Conclusion

Accordingly, Claim Two in the Petition (ECF 1) is granted. Petitioner Julissa Itzamara Aguirre Castillo (A # 220-393-971) is ordered released on the conditions previously imposed within 24 hours of this Order. Any property confiscated during her arrest shall be returned to her. The remaining claims in the Petition are denied as moot in light of the relief granted on Claim Two.

The Court declines to enter the specific future injunctive relief sought (Pet. at 33-34); the process provided in this case is inadequate but the Court is not inclined to dictate the procedure that would comply with due process with the level of specificity requested in the Petition.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc:   Counsel of Record

Initials of Preparer:   ___ch___